| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-07651-CAS(SSx) | Date | August 18, 2017 |
| Title | LUIS VILLEGAS v. BEVERLY CORNER, LLC | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Dkt. 14, filed June 28, 2017)

## I.   INTRODUCTION

On October 14, 2016, plaintiff Luis Villegas, a paraplegic, filed this action against defendant Beverly Corner, LLC. Dkt. 1 ("Compl."). Villegas alleges claims for violations of the American's with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., and the Unruh Civil Rights Act, Cal. Civ. Code §§ 51–53. The gravamen of plaintiff's complaint is that, on two occasions in September 2016, he encountered architectural barriers at defendant's Shell gas station convenience store ("Store") that denied plaintiff full and equal access to defendant's public accommodation. Compl. Plaintiff seeks injunctive relief and to recovery statutory damages, attorneys' fees, and costs. Id.

On November 17, 2016, plaintiff served the summons and complaint on defendant. Dkt. 9. On November 25, 2017, plaintiff submitted proof of service to the Court. Id. Defendant has failed to file an answer or otherwise respond.

On January 6, 2017, the Clerk of Court entered default against defendant. Dkt. 11. On June 14, 2017, the Court ordered plaintiff to show cause why the action should not be dismissed for lack of prosecution. Dkt. 13. On June 28, 2017, plaintiff filed the instant motion for default judgment against defendant. Dkt. 14 ("Motion").

The Court held oral argument on August 14, 2017 and defendant failed to appear. Having carefully considered plaintiff's arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-07651-CAS(SSx) | Date | August 18, 2017 |
| Title | LUIS VILLEGAS v. BEVERLY CORNER, LLC | | |

## II. BACKGROUND

Plaintiff alleges the following facts.

Villegas is a paraplegic who cannot walk and uses a wheelchair for mobility. Compl. ¶ 1; Dkt. 14-5, Declaration of Luis Villegas ("Villegas Decl.") ¶ 1. Beverly Corner has been the owner of the real property, Store, located at or about 8901 S. Atlantic Avenue, South Gate, California since at least September 2016. Compl. ¶¶ 2–3; dkt. 14-4, Declaration of Mark Potter ("Potter Decl."); Dkt. 14-8, Ex. 5 ("Public Records Search"). The Store has existed at that location since at least 1992. Public Records Search at 20. In September 2016, plaintiff went to defendant's Store twice. Compl. ¶ 8; Villegas Decl. ¶ 3. During these visits, plaintiff encountered the following barriers:

- The transaction counter was 42 inches in height and there was no lowered, portion of the counter, at 36 inches in height, accessible for people in wheel chairs. Compl. ¶ 11; Villegas Decl. ¶ 4.

- The counter's "clear width" had been narrowed to less than 36 inches due to the surrounding merchandise and displays. Compl. ¶ 11; Villegas Decl. ¶ 4.

- The Store's layout created a path of travel which narrows "to as little as 16 inches" at some points. Compl. ¶ 12; Villegas Decl. ¶ 5.

Plaintiff alleges these barriers made the Store inaccessible to him and therefore "denied the plaintiff full and equal access and caused him difficulty and frustration." Compl. ¶ 13. Plaintiff further alleges that he has been deterred from returning to the Store because the barriers still exist. Id. ¶ 19; Villegas Decl. ¶ 7.

## III. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-07651-CAS(SSx) | Date | August 18, 2017 |
| Title | LUIS VILLEGAS v. BEVERLY CORNER, LLC | | |

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial 1 ¶ 6:11 (The Rutter Group 2015) (citing Pena v. Seguros La Comercial. S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Entm't, Inc. v. Elias, No. 03-cv-6387-DT, 2004 WL 141959, at *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

## IV. DISCUSSION

### A. Application of the Eitel Factors

#### 1. Possibility of Prejudice to Plaintiff

The first Eitel factor weighs in favor of entry of default judgment. Plaintiff contends that he was denied full and equal access to defendant's store because the transaction counter and pathway in and through the Store are not accessible for people in wheelchairs. Dkt. 14-1 at 1 ("Memorandum"). Because defendant has not appeared in this matter, plaintiff will be without any other recourse for recovery unless default judgment is granted. See PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (stating that plaintiffs would have no other recourse if a default judgment were not entered). Accordingly, this factor weighs in favor of the entry of default judgment. See Vogel v. Rite Aid Crop., 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) (finding that a plaintiff who experienced discrimination due to defendant's violations of ADA and Unruh Act would be prejudiced if default judgment was not entered).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'    JS-6

| Case No. | 2:16-cv-07651-CAS(SSx) | Date | August 18, 2017 |
|---|---|---|---|
| Title | LUIS VILLEGAS v. BEVERLY CORNER, LLC | | |

### 2. The Merits and Sufficiency of Plaintiff's Substantive Claims

The next two Eitel factors turn upon the adequacy of plaintiff's allegations and whether plaintiff has stated a claim upon which he may recover. Kloepping v. Fireman's Fund, No. 94-cv-2684-TEH, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996).

Plaintiff alleges two claims: violation of the ADA and violation of the Unruh Act. A violation of the rights of a person with a disability under the ADA is a *per se* violation of the Unruh Act. See Cal. Civ. Code § 51(f). Thus, the Court's analysis of the sufficiency of plaintiff's ADA claim applies to the sufficiency of plaintiff's Unruh Act claim as well. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007).

#### a. Disability

Under the ADA, a disability is "[a] physical or mental impairment that substantially limits one or more major life activities[.]" 42 U.S.C. § 12102(1). The ADA includes walking and standing in the definition of "major life activities." 42 U.S.C. § 12102(2). Plaintiff alleges he is paraplegic and uses a wheelchair for mobility. Compl. ¶ 1. Thus, plaintiff has adequately pleaded that he has a physical impairment that substantially limits the "major life activities" of standing and walking. Accordingly, plaintiff has adequately alleged the first element of his ADA claim.

#### b. Place of Public Accommodation

The ADA provides a non-exhaustive list of entities that are considered "public accommodations." 42 U.S.C. § 12181(7). Plaintiff alleges that the Store is "a place of public accommodation." Compl. ¶ 9. Under the ADA, sales establishments are public

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-07651-CAS(SSx) | Date | August 18, 2017 |
| Title | LUIS VILLEGAS v. BEVERLY CORNER, LLC | | |

accommodations.  See 42 U.S.C. § 12181(7)(E) ("a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment").  Accordingly, the Store is a sales establishment and plaintiff has adequately alleged the second element of his ADA claim.

### c. Denial of Public Accommodations

Unlawful discrimination occurs under the ADA when features of an accommodation subject an individual on the basis of a disability "to a denial of the opportunity of the individual . . . to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity."  42 U.S.C. § 12182(b)(1)(A)(i).  With respect to existing facilities, like defendant's Store, discrimination includes "a failure to remove architectural barriers . . . where such removal is readily achievable."[1]  42 U.S.C. § 12182(b)(2)(A)(iv).  Thus, "[t]he third element—that the plaintiff was denied public accommodations on the basis of disability—is satisfied if the defendant failed to remove architectural barriers where such removal was readily achievable."  Lozano v. C.A. Martinez Family Ltd. P'ship, 129 F. Supp. 3d 967, 972 (S.D. Cal. 2015).  "To succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable."  Parr v. L & L Drive–Inn Rest., 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

### i. Architectural Barriers

Plaintiff alleges he encountered three architectural barriers as defined by the Americans with Disabilities Act Accessibility Guidelines ("ADAAG").  Compl. ¶¶ 24,

---

[1] "The accessibility requirements of Title III and the DOJ standards vary depending on the dates that facilities were constructed or altered."  Castaneda v Burger King Corp., 264 F.R.D. 557, 561 (N.D. Cal. 2009).  An existing facility is a "facilit[y] built prior to January 26, 1993, and not altered since January 26, 1992."  See 42 U.S.C. § 12182(b)(2)(A)(iv).  Plaintiff attached a Public Records Search to this motion showing the Store's mortgage was refinanced in 1992.  See Public Records Search at 20.  Plaintiff does not assert any facts suggesting that the Store was altered.  Accordingly, the Court proceeds with the analysis on the assumption that the Store is an existing facility.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-07651-CAS(SSx) | Date | August 18, 2017 |
| Title | LUIS VILLEGAS v. BEVERLY CORNER, LLC | | |

26. "Because the ADAAG establishes the technical standards required for 'full and equal enjoyment,' if a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 947 (9th Cir. 2011). "The ADAAG's requirements are as precise as they are thorough, and the difference between compliance and noncompliance with the standard of full and equal enjoyment established by the ADA is often a matter of inches." Id. at 945–46.

First, plaintiff asserts that the Store's transaction counter constitutes an architectural barrier. Compl. ¶¶ 24–25. Under the 1991 standards, all counters "at which goods or services are sold or distributed" must contain a portion that is no higher than 36 inches from ground level. 28 C.F.R. pt. 36, App. D, § 7.2(2). Under the 2010 standards, where counters are so situated as to allow for a parallel approach by a person in a wheel chair, a portion of the counter surface must have a width of no less than 36 inches and be no higher than 36 inches from ground level. 36 C.F.R. pt. 1191, App. D, § 904.4.1. Plaintiff alleges that when he visited the Store in September 2016, the transaction counter was "42 inches in height," and that there was no "36-inch or lower portion of counter for use by persons in wheelchairs." Compl. ¶ 11. Plaintiff also alleges that the counter, which has a parallel approach, was crowed "with merchandise and displays that narrow[ed] the width of the counter to less than 36 inches." Id. ¶¶ 11, 24. Thus, plaintiff has adequately alleged that the Store's transaction counter constitutes an architectural barrier under the ADA.

Second, plaintiff asserts that the narrow "paths of travel in and throughout the Store" constitute architectural barriers. Id. ¶¶ 26–27. Under the 1991 standards, "[s]helves or display units allowing self-service by customers in mercantile occupancies shall be located on an accessible route." 28 C.F.R. pt. 36, App. D, § 4.1.3(12)(b). "The minimum clear width of an accessible route shall be 36 in (915 mm) except at doors." 28 C.F.R. pt. 36, App. D, § 4.3.3. Plaintiff alleges that when he visited the Store in September 2016, "some of the paths of travel in the Store narrow[ed] to as little as 16 inches in width." Compl. ¶ 12. Thus, plaintiff has adequately alleged that the paths of travel in and through the Store also constitute architectural barriers under the ADA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-07651-CAS(SSx) | Date | August 18, 2017 |
| Title | LUIS VILLEGAS v. BEVERLY CORNER, LLC | | |

### ii. Removal of the Barriers Is Readily Achievable

"The Ninth Circuit has yet to decide who has the burden of proving that removal of an architectural barrier is readily achievable. Various district courts throughout the Ninth Circuit, however, have applied the Tenth Circuit's burden-shifting framework, as articulated in Colorado Cross Disability v. Hermanson Family, Ltd., 264 F.3d 999 (10th Cir. 2001)." Vogel, 992 F. Supp. 2d at 1010. In Colorado Cross, the Tenth Circuit stated that the "[p]laintiff bears the initial burden of production to present evidence that a suggested method of barrier removal is 'readily achievable'" and that if plaintiff meets that burden, the burden shifts to the defendant, who "bears the ultimate burden of persuasion regarding its affirmative defense that a suggested method of barrier removal is not readily achievable." Colo. Cross Disability Coal., 264 F.3d at 1006. However, the Ninth Circuit, in a case involving a historic building, declined to apply the Colorado Cross burden-shifting framework, and placed the initial burden of production on the defendant. Molski v. Foley Estates Vineyard & Winery, LLC, 531 F.3d 1043 (9th Cir. 2008). Still, district courts have subsequently declined to extend Molski's holding to cases that do not involve historic buildings. See Vesecky v. Garick, Inc., No. 07-cv-1173-PHX, 2008 WL 4446714, at *3 (D. Ariz. Sept. 30, 2008). Consistent with Vesecky, "until the Ninth Circuit provides additional and specific instruction to the lower courts[,] this Court will follow the overwhelming majority of federal courts that apply the burden-shifting framework of Colo. Cross, specifically in cases where a historic building is not at issue." Id.; see, e.g., McComb v. Vejar, No. 14-cv-00941-RSWL, 2014 WL 5494017, at * 3 (C.D. Cal. Oct. 28, 2014); Johnson v. Mehrabi, No. 13-cv-1519-KJM, 2015 WL 222557, at *3 (E.D. Cal. Jan. 14, 2015).

Here, plaintiff alleges that the Store's barriers "are easily removed without much difficulty or expense" and "failure to remove these barriers was intentional because . . . had defendants intended any other configuration, they had the means and ability to make the change." Compl. ¶¶ 18, 21. Other courts have found that such allegations are sufficient to plead that a barrier was readily removable. See, e.g., Johnson v. Altamira Corp., No. 16-cv-05335, 2017 WL 1383469, at *3 (N.D. Cal. Mar. 27, 2017) (finding plaintiff's allegations that defendant failed to meet ADA Accessibility Guidelines standards fell "within the scope of those readily achievable steps to remove barriers that the statute sets forth"); Vogel, 922 F. Supp. 2d at 1011 ("[Plaintiff's] allegation that removal of the barriers was readily achievable is sufficient to satisfy his burden of production."); McComb, 2014 WL 5494017, at *7 (finding plaintiff's allegation that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-07651-CAS(SSx) | Date | August 18, 2017 |
| Title | LUIS VILLEGAS v. BEVERLY CORNER, LLC | | |

"'failure to remove these barriers was intentional because: . . . had the defendants intended any other configuration, they had the means and ability to make the change' . . . sufficient to meet Plaintiff's burden of production"). Considering the type of barriers at issue here and accepting the foregoing allegations as true, plaintiff has adequately alleged that the removal of the architectural barriers at the Store is readily achievable.

In light of the foregoing, plaintiff has adequately stated an ADA claim based on his allegations that he is disabled, that defendant is a private entity operating a place of public accommodation, that plaintiff encountered architectural barriers at the Store that are prohibited by the ADA, and that removal of those architectural barriers is readily achievable. Because the Court finds that plaintiff has properly alleged an ADA claim, the Court also finds plaintiff has alleged a meritorious claim under the Unruh Act. The second and third Eitel factors thus weigh in favor of entry of default judgment.

### 3.     The Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see also Eitel, 782 F.2d at 1471–72. "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." United States v. Broaster Kitchen, Inc., No. 2:14-cv-09421-MMM, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); see also Walters v. Statewide Concrete Barrier, Inc., No. 04-cv-02559-JSW, 2006 WL 2527776, at *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

Plaintiff seek to recover $4,000 in statutory damages under the Unruh Act, in addition to $4,335 in attorneys' fees and $420 for the cost of filing this law suit, totaling $8,755. Motion at 2; Potter Decl. ¶ 5. Additionally, plaintiff seeks injunctive relief under the ADA to require defendant to comply with the ADAAG. Motion at 2. "Although not a form of monetary recovery, the injunction will undoubtedly require that [defendant] spend money to remove barriers at the location." See Vogel, 992 F. Supp. 2d at 1012. However, the ADA limits the scope of what is "readily removable" to acts "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). Because the language of the statute "caps a defendant's liability," the Court finds that the cost of removal does not meaningfully increase the amount at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | 'O' | JS-6 |
| Case No. | 2:16-cv-07651-CAS(SSx) | Date | August 18, 2017 | |
| Title | LUIS VILLEGAS v. BEVERLY CORNER, LLC | | | |

stake in this action. See Vogel, 992 F. Supp. 2d at 1012. Furthermore, the Vogel court found that a damages award of $13,739.20 was similar to awards frequently granted in other courts for violations of the ADA and the Unruh Act. Id. (citing Moore v. Cisneros, No. 12-cv-0188, 2012 WL 6523017, at *4 (E.D. Cal. Dec. 13, 2012) (noting that an award of $10,119.70 on default judgment was "not a particularly large sum of money, nor does it appear unreasonable in light of Defendants' actions"); Johnson v. Huynh, No. 08-cv-1189-JAM, 2009 WL 2777021, at *2 (E.D. Cal. Aug. 27, 2009) (holding that $12,000 was a "relatively small award of damages" in a default judgment case)). Accordingly, the Court finds that the sum of money at issue is reasonably proportionate to the harm caused by defendant's alleged actions. This factor thus weighs in favor of default judgment.

### 4. Possibility of Dispute

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. "Upon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true, with the exception of those relating to damages." PepsiCo, 238 F. Supp. 2d at 1177 (citing TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987)). Accordingly, there do not appear to be disputed material facts and this factor weighs in favor of default judgment.

### 5. Possibility of Excusable Neglect

The sixth Eitel factor considers whether defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. Here, there is no indication that default was entered due to defendant's excusable neglect. Defendant was properly served with the summons and complaint, the application for clerk to enter default, and the instant motion for default judgment. Dkts. 9, 11; Potter Decl. ¶ 4; see Shanghai Automation Instrument Co. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect because defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion"). Accordingly, this factor weighs in favor of default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | 'O' | JS-6 |
| Case No. | 2:16-cv-07651-CAS(SSx) | Date | August 18, 2017 | |
| Title | LUIS VILLEGAS v. BEVERLY CORNER, LLC | | | |

### 6. Public Policy in Favor of Deciding the Merits

Under the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible."). However, a party's failure to answer or appear makes a decision on the merits impractical, if not impossible. PepsiCo, 238 F. Supp. 2d at 1177. Accordingly, this factor does not preclude entry of default judgment.

### 7. Conclusion Regarding the Eitel Factors

Apart from the policy favoring decisions on the merits, the remaining Eitel factors counsel in favor of default judgment, including the merits of the plaintiff's claims. See Fed. Nat. Mortg. Ass'n v. George, No. 14-cv-01679-VAP, 2015 WL 4127958, at *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors."). Therefore, weighing all of the Eitel factors, this Court finds that entry of the default judgment is appropriate.

## B. Damages

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). Plaintiff seeks injunctive relief and to recover $4,000 in statutory damages under the Unruh Act, plus $4,335 in attorneys' fees, and $420 for the cost of filing this lawsuit. Motion at 2; Potter Decl. ¶ 5.

### 1. Injunctive Relief

Plaintiff seeks injunctive relief in the form of an order compelling defendant "to provide a compliant accessible transaction counter and path of travel, at the [Store], in compliance with the American's Disabilities Act Accessibility Guidelines." Dkt. 14-2 (proposed order). The Court has authority to grant injunctive relief under both the ADA and the Unruh Act. Cal. Civ. Code § 52.1(b); 42 U.S.C. § 12188. To be entitled to injunctive relief under the ADA, a plaintiff can show that the defendant violated the ADAAG. 42 U.S.C. § 12188(a)(2); see Vogel, 992 F. Supp. 2d at 1015. "A plaintiff is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-07651-CAS(SSx) | Date | August 18, 2017 |
| Title | LUIS VILLEGAS v. BEVERLY CORNER, LLC | | |

not required to satisfy the other prerequisites generally needed for injunctive relief since '[t]he standard requirements for equitable relief need not be satisfied when an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief.'" Vogel, 992 F. Supp. 2d at 1015 (quoting Moeller v. Taco Bell, 816 F. Supp. 2d 831, 859 (N.D. Cal. 2011)). Thus, "[i]njunctive relief is proper when architectural barriers at a defendant's establishment violate the ADA and the removal of barriers is readily achievable." Arroyo v. Choi, No. 17-cv-1770-ODW, 2017 WL 2766159, at *5 (C.D. Cal. June 26, 2017).

As discussed above, plaintiff has stated a viable ADA discrimination claim based on three violations of the ADAAG. Plaintiff also sufficiently pleads that removal of these barriers is readily achievable. Plaintiff has further submitted evidence of the architectural barriers at issue. Specifically, plaintiff has submitted photographs of the Store that are consistent with plaintiff's allegations. See Dkt. 14-6, Declaration of Evens Louis ¶ 3 (authenticating the photographs); dkt. 14-7, Ex. 4 (photographs). Accordingly, the Court finds that injunctive relief is appropriate here. Specifically, defendant is enjoined to remove all architectural barriers identified in plaintiff's complaint. That is, defendant must have a portion of the Store's transaction counter that is no more than 36 inches high, with a clear width of no less than 36 inches, and must widen the width of the aisles to comply with ADAAG. Defendant is only obligated to remove the barriers to the extent that doing so is permitted under defendant's lease and would not violate any other state law. See 42 U.S.C § 12181(9).

### 2. Statutory Damages

Plaintiff seeks $4,000 in statutory damages under the Unruh Act. The Unruh Act entitles a plaintiff who has experienced discrimination to recover a minimum of $4,000. Cal. Civ. Code § 52(a). Plaintiff is not required to prove actual damages in order to recover the minimum statutory damages. See Botosan v. Paul McNally Reality, 216 F.3d 827, 835 (9th Cir. 2000). "To recover statutory damages, a plaintiff need only show that he was denied full and equal access, not that he was wholly excluded from enjoying defendant's services." Vogel, 922 F. Supp. 2d 1014. "A plaintiff is denied full and equal access only if the plaintiff personally encountered the violation on a particular occasion, or the plaintiff was deterred from accessing a place of public accommodation on a particular occasion." Cal. Civ. Code § 55.56(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-07651-CAS(SSx) | Date | August 18, 2017 |
| Title | LUIS VILLEGAS v. BEVERLY CORNER, LLC | | |

Here, plaintiff states that he visited the Store twice in September 2016; that he encountered architectural barriers; and that, despite the convent location of the Store, he has been deterred from further attempts to visit the Store because of his knowledge of the barriers. Villegas Decl. ¶¶ 3, 7. Accordingly, plaintiff meets the requirements for statutory damages under the Unruh Act and the Court finds that plaintiff is entitled to statutory damages in the amount of $4,000.

   3.   **Attorneys' Fees and Costs**

Plaintiff seeks $4,335 in attorneys' fees. Potter Decl. ¶ 5. Plaintiff may recover reasonable attorneys' fees and cost under the ADA or Unruh Act. 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). Generally, Local Rule 55-3 ("LR 55-3") determines attorneys' fees for default judgment pursuant to a fixed percentage schedule. C.D. Cal. L.R. 55-3. However, LR 55-3 provides that a plaintiff may request that the court determine attorneys' fees and "[t]he Court shall hear the request and render judgment for such fee as the Court may deem reasonable." Id. Here plaintiff requests that the Court grant attorneys' fees based on counsel's hourly rate. See Memorandum at 9–10; Potter Decl. Plaintiff argues that the use of a proportional rule for attorneys' fees contradicts legislative intent because the ADA specifically provides for attorneys' fee to incentivize attorneys to take disability cases. Memorandum at 9–10. At oral argument—in support of the request for fees based on counsel's hourly rate—plaintiff's counsel requested leave to file a supplemental declaration describing counsel's worked on specific tasks unique to this matter. The Court ordered counsel to file a supplement no later than August 18, 2017. On August 18, 2017, plaintiff filed a supplemental declaration pursuant to the Court's order. Dkt. 16. Having reviewed counsel's supplemental declaration, the Court finds that counsel's rates are reasonable but concludes that it is appropriate to award fees for only 8.3 hours of the work performed. Accordingly, the Court awards plaintiff $3,527.50 in attorneys' fees.

In addition, plaintiff seeks $420 in costs for their filing fees. Potter Decl. ¶ 5. Local Rule 54-1 provides that a prevailing party to a default judgment is entitled to an award of costs under Rule 54(d). Therefore, the Court awards plaintiff $420 in costs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-07651-CAS(SSx) | Date | August 18, 2017 |
| Title | LUIS VILLEGAS v. BEVERLY CORNER, LLC | | |

## V. CONCLUSION

In light of the foregoing, the Court **GRANTS** plaintiff's motion for default judgment.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Judgment be entered in favor of plaintiff and Beverly Corner shall be liable to plaintiff in the amount of $7,947.50 (comprised of $4,000 in statutory damages, $3,527.50 for attorneys' fees, and $420 for costs).

**IT IS FURTHER ORDERED** that Beverly Corner, LLC provide an ADAAG-compliant accessible transaction counter and path of travel, at the property located at or about 8901 S. Atlantic Avenue, South Gate, California.

IT IS SO ORDERED.

|  | 00    00 |
|---|---|
| Initials of Preparer | CMJ |